IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Basil J. Kyles,<br><br>      Plaintiff,<br><br>  vs.<br><br>Charles C. Collie, Alex Chartier,<br>Kenny Atkinson,<br><br>      Defendant. | Civil Action No. 6:12-2761-GRA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the plaintiff's motion for a temporary restraining order ("TRO").  The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

    "[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981).  To obtain a preliminary injunction, the plaintiff must demonstrate:  "(1)  that he is likely to succeed on the merits, (2)  that he is likely to suffer irreparable harm in the absence of preliminary relief, (3)  that the balance of equities tips in his favor, and (4)  that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009)

---

[1]In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982).  Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *Id*. *See also Osabutey v. Welch*, 857 F.2d 220, 221–223 (4th Cir.1988).

6:12-cv-02761-JMC    Date Filed 02/13/13    Entry Number 31    Page 2 of 4

(slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The plaintiff is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. The defendants in this action are Captain Charles C. Collie, Supervisory Chaplain Alex A. Chartier, and Warden Kenny Atkinson. In his complaint, the plaintiff claims that he was fired from his position as Captain Collie's "personal orderly" because he could not work on Saturdays due to his religion (Judaism). He alleges interference with his freedom of religion.

In his motion for TRO, the plaintiff asks that, in an effort "to avoid any sort of 'retaliative actions,' " the defendants be ordered as follows: 1) any search of the plaintiff's cell must be conducted in the plaintiff's presence with a correctional staff supervisor present; 2) the plaintiff may not be locked up on a "bogus" investigation to punish him for filing a lawsuit against them; 3) the defendants may not tamper with the plaintiff's legal mail; 4) all "retaliatory" transfers out of the plaintiff's regional area are prevented unless the plaintiff requests such transfer; and, 5) if the defendants' violate such order of the court, they will be fined $15,000. The plaintiff argues as a basis for his motion that the "FCI Edgefield Administrative Staff have a long history of abuse against inmates who seek to file suit against them."

The plaintiff's motion for TRO is meritless. The plaintiff has not shown any need for judicial intervention and certainly not the need for such a drastic remedy as a temporary or permanent injunction. He has absolutely no basis for the motion except for his speculative belief that he may be retaliated against in the future because of his lawsuit, and he has failed to establish any of the prerequisites for issuance of a TRO.

Wherefore, based upon the foregoing, the motion (doc. 28) should be denied.

IT IS SO RECOMMENDED.

February 13, 2013                                    Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.